## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK GREEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )　　　**CIVIL ACTION NO. 04-111E** |
| | ) |
| **S.J. MORRISON, SGT., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

Defendant, Rodney Showers, by his attorneys, Thomas W. Corbett, Jr., Attorney General, Craig E. Maravich, Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief, Litigation Section, respectfully submits the following:

By Order dated February 15, 2005, the Court adopted the Report and Recommendation by Magistrate Judge Baxter and dismissed defendants Morrison, Wolfe, Kessler and Weaver. The only claim remaining is an allegation of excessive force from April 2, 2004 against defendant Showers.  (See Order dated February 15, 2005; Report & Recommendation dated January 21, 2005).

### Argument

**A.    Plaintiff Failed To Exhaust His Administrative Remedies Before Filing Suit For Any Excessive Force For Assault Claim Against Defendant Showers.**

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), provides:

No action shall be brought with respect to prison conditions under section 1983 of this title... by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S.C. § 1997e(a).

The Supreme Court has held "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 516 122 S.Ct. 983, 984, 2002 WL 261683 (2002).  Exhaustion in § 1997e(a) cases is mandatory and no case shall be brought until the inmate-plaintiff has done so. Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819 (2001). Accordingly, "it is beyond the power of the court to excuse compliance with the exhaustion requirement."  Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000). Exhaustion is an affirmative defense.  Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002).

"Before filing suit, prisoners must exhaust their available administrative remedies." Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).  The Supreme Court has found that a statute which requires that administrative remedies be exhausted before bringing suit, was not satisfied by receipt of an agency's rejection of claim which occurred after commencement of suit but before any substantial progress had taken place in the litigation. McNeil v. United States, 508 U.S. 106, 113 S.Ct. 1980 (1993).

In the instant case, the Pennsylvania Department of Corrections provides all prisoners with the Consolidated Inmate Grievance Review System, DC-ADM 804, contained in the inmate handbook.  The Third Circuit has found that this grievance procedure constitutes an adequate administrative remedy.  Booth v. Churner, 206 F.3d 289, 292 (3d Cir. 2000), aff'd. 532 U.S. 731, 121 S.Ct. 1819 (2001).

Defendant demonstrates that plaintiff has failed to exhaust his administrative remedies before filing suit by affidavit and attachments. (Attachment A, Barr Affidavit with Attachments).

Hence, summary judgment must be granted in favor of defendant.

**B.    Plaintiff Procedurally Defaulted His Excessive Force For Assault Claim Against Defendant Showers.**

The Third Circuit has determined that the PLRA exhaustion requirement also contains a procedural default component. See Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004). As described below, this procedural default rule is applicable to the instant case, and provides yet another basis for summary judgment in favor of defendant.

The Third Circuit has interpreted the PLRA exhaustion requirement to include procedural default components consistent with the practice in habeas corpus cases. See Spruill, *supra*. In so reaching its conclusion, the Spruill court noted that the PLRA does not require mere "simple" exhaustion, but requires "proper" exhaustion -- from which the concept of procedural default is a ready deduction. Id., at 227-228. The Court specifically held that failing to timely appeal or failing to specifically name accused individuals in a grievance amounts to procedural default – meaning not only that the inmate's administrative remedies have *not* been exhausted in accordance with the PLRA but that the procedures expressly provided by the DOC for doing so have been apparently disclaimed by the prisoner litigant in favor of his premature resort to complex civil litigation in the federal district court. Id. Tolerance for this practice would expressly conflict with the intent of Congress in enacting the PLRA, as specifically acknowledged by the Supreme Court in Booth, 532 U.S. 731 (2001) and Porter, 534 U.S. 516

3

(2002), to reduce the undue burden of prison litigation on the federal courts. Therefore, the recognition of a procedural default component to the PLRA enjoys a sound rationale.

Thus, summary judgment in favor of defendant must be granted.

**C.    Summary Judgment In Favor Of Defendant Showers Is Appropriate For An Excessive Force By Assault Claim.**

After conviction, the Eighth Amendment serves as the primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified. Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000). The Eighth Amendment directs that "an inquiry into the prison official's state of mind" is necessary. Wilson v. Seites, 501 U.S. 294, 299 (1991). The Eighth Amendment protects inmates against the "unnecessary and wanton infliction of pain." Hope v. Pelzer, 536 U.S. 730, 737 (2002). "Obduracy and wantonness" is prohibited by the Eighth Amendment but not "good faith error or inadvertence." Fuentes v. Wagner, 206 F.3d 335, 344 (3d Cir. 2000). "[A] prisoner alleging excessive force must demonstrate that the defendant acted 'maliciously and sadistically to cause harm.'" Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983 (2002), quoting Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995 (1992). Excessive force claims can be frivolous. Porter v. Nussle, 534 U.S. at 530.

In the instant case, defendant demonstrates that excessive force was not used. (Attachment B).

Therefore, summary judgment is appropriate for defendant.

4

## <u>CONCLUSION</u>

WHEREFORE, defendant requests judgment in his favor and against plaintiff.

                Respectfully submitted:

                Thomas W. Corbett, Jr.
                Attorney General


By:    /s/  Craig E. Maravich
          CRAIG E. MARAVICH
          Deputy Attorney General
          Attorney I.D. No. 11311

          Susan J. Forney
          Chief Deputy Attorney General
          Litigation Section

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219


Date:  July 13, 2005

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 13, 2005, I electronically filed the foregoing ***Brief in***

***Support of Motion for Summary Judgment*** with the Clerk of Court using the CM/ECF system.

And I hereby certify that I have mailed the foregoing document by United States Postal Service

to the following non CM/ECF participants:

Mark Green, DT-9254
SCI-Camp Hill
2500 Lisburn Road
P.O. Box 8837
Camp Hill, PA  17001

By:    <u>/s/  Craig E. Maravich</u>
CRAIG E. MARAVICH
Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
564 Forbes Avenue, Manor Complex
Pittsburgh, PA 15219
(412) 565-2794 phone
(412) 565-3028 fax